UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MARIO DIAZ, OMAR VASQUEZ, ROBERTO GONZALEZ, ALEXI RUFIN, JONATHAN GUERRERO, FRANK NUNEZ, RENE CASIMIR, ROBERTO SERRANO, ISRAEL MORALES, ANDY FREEMAN, RAFAEL BELLO, ARMANDO PEREZ, ENRIQUE MEDEL, PEDRO GALINDO, NOEL MARTINEZ, JOSE BRIZUELA, ERNESTO NOGUERA, RAUL MOLINA, RAMON GONZALEZ, SANTIAGO PAEZ, CARLOS GARCIA, ERNESTO GARCIA, JOSE LUIS CABRERA. <br><br>　　　　　Plaintiffs, <br>　vs. <br><br>AMERIJET INTERNATIONAL, INC. <br><br>　　　　　Defendant | ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT   VIOLATION OF  45 U.S.C. 151 ET.SEQ.

COME  NOW Plaintiffs, by and through undersigned counsel, and state:

1. This is an action arising under 45 USC 151 et.seq.

2. The Plaintiffs were  residents of Dade County and South Florida at the time that this dispute arose.

3. The Defendant resides in and /or  regularly transacts business within the Southern District of Florida— in Broward County. Upon information and belief, the Defendant was the employer for the Plaintiffs for the relevant time period.  The Plaintiffs were cargo handlers and employed by the Defendant for the relevant time period. The Defendant is a "Carrier" as defined by the R.L.A.[1]

---

[1] The Defendant, through Counsel, has opposed the N.L.R.B's jurisdiction over a pending charge filed in May, 2011 claiming that The Defendant is a Carrier and thus subject to jurisdiction of the N.M.B.

1

4. All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

### FEDERAL STATUTORY VIOLATION 45 USC 151 et.seq.- INFRINGEMENT ON PLAINTIFFS' RIGHTS TO ENGAGE IN AND TO ORGANIZE UNION ACTIVITIES AND REPRESENTATION.

5. This action arises under the laws of the United States.

6. This Court has jurisdiction pursuant to The RAILWAY LABOR ACT 45 USC 151 ET.SEQ— "RLA". Employees, such as the Plaintiffs herein who are fired for engaging in Union activities, have an implied right of action against their employer under the Railway Labor Act. Plaintiffs' right to organize Union affiliation and activities and the Defendant's infringement thereof violated Section(s) 2, Third and Fourth of the R.L.A.

7. From on or about 03/21/11 through on or about 04/21/11, the Plaintiffs met with and *discussed* joining a local IBEW Union in order to represent their employment interests with the Defendant. Plaintiffs had not been represented by any Union prior to this time while working for the Defendant. On or about 04/01/11, the Defendant became aware of the Plaintiffs' interest and desire to join the "IBEW"- International Brotherhood of Electrical Workers, Local Union 349.

8. Through the period of 03/21/11 through 04/21/11, the Plaintiffs engaged in Union organization activities.

9. The Defendant knew of the Plaintiffs' protected activities and sent a managerial employee named Alfredo Schwab along with a mediator, named Alejandro Casillas, who Defendant hired to persuade the Plaintiffs not to join said Union on or about 04/15/11 and to otherwise desist from their Union organizing activities. Plaintiffs refused to desist in their Union organizing activities accordingly. The import of the message that Mr. Casillas delivered to the Plaintiffs at this meeting was that the Defendant did not want for the Plaintiffs to join said Union and/or that

joining the Union would not serve any constructive purpose for the Plaintiffs and/or that the Plaintiffs and the Defendant could manage any of Plaintiffs' employee concerns more effectively without Union involvement and/or that Defendant had the power to terminate Plaintiffs' employment if Defendant wanted to do so. Plaintiffs made it known to Mr. Casillas and Mr. Schwab that they refused to desist from their Union organizing activities at that time.

10. The Defendant harbored animus towards the Plaintiffs for participating in and seeking to establish Union membership during the time frame referenced in #8 above. Shortly (within a week to ten days) after the Meeting referenced in #9 above and unbeknownst to the Plaintiffs, the Defendant made the decision to fire the Plaintiffs and replace them with contracted labor from a Company believed to be named Cargo Force and/or Alliance.

11. On or about April 29th, 2011, the Defendant, by its officers, agents and/or supervisor(s), discharged/fired the Plaintiffs. The *motivating factor* for the discharge of the Plaintiffs was the Plaintiffs' participation in and activities to organize Union membership with the Union as described above. At the time of the discharge, Plaintiffs had not been formally accepted as Union employees by the Defendant and had not paid any Union dues. Defendant's retaliation against and discharge of the Plaintiffs came as a result of the Plaintiffs' activities to organize and secure Union representation.

12. As a result of the firing/discharge, The Plaintiffs have been damaged economically and emotionally.

WHEREFORE, THE PLAINTIFFS REQUEST JUDGMENT AGAINST THE DEFENDANT, ATTORNEY'S FEES, COSTS, BACK WAGES FROM THE DATE OF FIRING UNTIL AND INCLUDING THE DATE OF TRIAL, REINSTATEMENT AND PROMOTION AND INJUNCTIVE RELIEF PROHIBITING THE DEFENDANT FROM

DISCRIMINATING IN THE MANNER DESCRIBED ABOVE, EMOTIONAL DISTRESS AND HUMILIATION AND PAIN AND SUFFERING, FRONT WAGES UNTIL PLAINTIFFS ARE NO LONGER ABLE TO WORK OR AS MUCH AS ALLOWED BY LAW, PUNITIVE DAMAGES AND ALL OTHER DAMAGES RECOVERABLE BY LAW. PLAINTIFFS REQUEST A **TRIAL BY JURY**.

        Respectfully Submitted,

        J.H. Zidell, Esq.
        J.H. Zidell, P.A.
        Attorney For Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865 – 7167

        By:__/s/ J.H. Zidell_____
           J.H. Zidell, Esq.
           Florida Bar Number: 0010121